NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0227n.06

No. 13-3588

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Mar 26, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| THOMAS J. METYK; ANTHONY S. LOBASSO, on behalf of themselves and a class of persons similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| KEYCORP; KEYCORP TRUST OVERSIGHT | ) | COURT FOR THE |
| COMMITTEE; HENRY L. MEYER, III; THOMAS | ) | NORTHERN DISTRICT OF |
| C. STEVENS; JEFFREY B. WEEDEN; THOMAS | ) | OHIO |
| W. BUNN; THOMAS E. HELFRICH; ROBERT L. | ) | |
| MORRIS, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

Before:  SUHRHEINRICH, SILER, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Thomas Meytk and Anthony Lobasso each held KeyCorp stock under the company's 401(k) savings plan.  After the price of the stock dropped 78%, Metyk and Lobasso brought this putative class action on behalf of the plan.  They claimed that the plan's fiduciaries breached their duties of prudence and loyalty by investing in KeyCorp's own stock and by failing to inform plan participants about the risks of doing so, all in violation of the Employee Retirement Income Security Act (ERISA).  The district court dismissed the claims pursuant to Rule 12(b)(6).  We affirm.

I.

We take the following allegations as true. *See Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 459 (6th Cir. 2013).

The plaintiffs are retired KeyCorp employees who participated in the company's 401(k) savings plan. When employees contributed a percentage of their pretax income to the plan, KeyCorp would match a percentage of that contribution. The plan itself was an Employee Stock Ownership Plan, which invests primarily in the employer's own stock. Accordingly, each plaintiff held KeyCorp stock under the plan.

By 2006, KeyCorp had made some sizeable loans to real-estate construction companies. As the real-estate market collapsed over the next few years, KeyCorp suffered heavy losses on these loans. KeyCorp also had a lease-financing program, where it would lease or purchase property from third parties and then lease the property back to them. KeyCorp thought these transactions created certain income-tax deductions; the IRS thought otherwise. Consequently, KeyCorp's tax liability rose and its earnings fell during 2008. By 2009, KeyCorp's stock price had dropped 78%, from $38.03 per share to $8.48 per share.

In 2008, a plan participant, Ann Taylor, brought a putative class action under ERISA against the plan's fiduciaries, making the same claims that the plaintiffs make here. The district court dismissed Taylor's claims under Rule 12(b)(1) for lack of standing. We affirmed, holding that Taylor suffered no Article III injury because she had sold her KeyCorp stock for a profit. *See Taylor v. KeyCorp*, 680 F.3d 609, 613-14 (6th Cir. 2012).

The plaintiffs here are represented by the same counsel as Taylor and filed a complaint nearly identical to Taylor's in the same district court. The only difference between Taylor's

complaint and the one here is that the plaintiffs here allege they sold their stock for a loss. The district court dismissed the plaintiffs' claims under Rule 12(b)(6) for failure to state a claim.

This appeal followed.

## II.

## A.

We review de novo the district court's dismissal of the plaintiffs' claims. *See Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 799 (6th Cir. 2012). To survive, the plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

ERISA imposes duties of prudence and loyalty on plan fiduciaries. 29 U.S.C. § 1104(a). Plan participants may obtain recovery on behalf of the plan for breaches of either of these duties. 29 U.S.C. §§ 1109, 1132. To do so, however, they must establish a causal relationship between the breach and the loss to the plan. *Kuper v. Iovenko*, 66 F.3d 1447, 1459 (6th Cir. 1995). The parties dispute what causation standard to apply here.

The plaintiffs argue that the correct causation standard asks whether "an adequate investigation would have revealed to a reasonable fiduciary that the investment [] was improvident." *Pfeil v. State Street Bank & Trust Co.*, 671 F.3d 585, 596 (6th Cir. 2012). In support, the plaintiffs cite *Pfeil* and *Dudenhoeffer v. Fifth Third Bancorp*, 692 F.3d 410 (6th Cir. 2012), *cert. granted*, No. 12-751 (Dec. 13, 2013).

KeyCorp responds that *Pfeil* and *Dudenhoeffer* were "alternative-investment" cases—*i.e.*, cases based on the theory that a prudent and loyal fiduciary "would have made different investment decisions" than the decisions the fiduciaries actually made. *Dudenhoeffer*, 692 F.3d at 420. KeyCorp says that this case, in contrast, is an "artificial-inflation" one—*i.e.*, one based

on the theory that the defendants made misrepresentations that inflated the stock price above its true value. The correct causation standard in these cases, KeyCorp says, asks whether the inflated stock price "fell significantly after the truth became known[.]" *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005).

*Taylor* applied this same standard in the standing context, holding that an inflated stock price alone does not constitute injury. *See* 680 F.3d at 613. And we construed the complaint there—in relevant part, literally identical to the one here—as one advancing an artificial-inflation theory. *Id.* at 612 n.1. We are bound to apply the same rule and to adopt the same construction here.

The plaintiffs reply that *Taylor* was a standing case and thus does not apply to a Rule 12(b)(6) case like this one. But *Dura* was itself a Rule 12(b)(6) case, which held that a complaint must "adequately allege" loss causation. 542 U.S. at 346. *Taylor* extended that rule to the 12(b)(1) context; and here we merely apply the rule to the 12(b)(6) context from which it came.

The plaintiffs also argue that their complaint alleges an alternative-investment theory in addition to an artificial-inflation one. But *Taylor* rejected as "disingenuous at best" an attempt to "recast" these identical allegations as ones "not alleging artificial inflation." 680 F.3d at 612 n.1. We are therefore bound to conclude that, when read as a whole, the plaintiffs' complaint alleges only an artificial-inflation theory. And to prove causation under that theory, as shown above, the plaintiffs must allege that the price of their stock fell when misrepresentations by the defendants were later revealed as untrue. The plaintiffs have not made these allegations, so their claims fail.

B.

The plaintiffs also challenge the district court's denial of their Rule 60(b) motion to set aside the final judgment in this case. The plaintiffs asked the district court to do so in order to allow them to amend their complaint to allege an alternative-investment claim. We review the district court's decision for an abuse of discretion. *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 939 (6th Cir. 2013).

A party who seeks to amend a complaint after final judgment must first reopen the case pursuant to Rule 60(b). *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2012). That rule sets forth "narrow grounds" for reopening the case, *id.*, and is "circumscribed by public policy favoring finality of judgments and termination of the litigation[.]" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). Here, most of the plaintiffs' arguments are based upon the idea that leave to amend should be freely granted under Rule 15. Those arguments are patently inapposite as grounds to set aside a final judgment under Rule 60(b).

The plaintiffs otherwise contend that the district court made a "mistake" by not addressing a single clause in their opposition to the defendants' motion to dismiss, to wit: "if Defendants' motion is granted in any respect, that Plaintiffs be granted leave to amend to address any deficiency identified in the Court's ruling." But a request for leave to amend must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). The plaintiffs stated no such grounds here. The district court was correct to deny the plaintiffs' motion under Rule 60(b).

The judgment of the district court is affirmed.